26 C.C.P.A. (Patents)

In re AUSTIN.
Patent Appeal No. 4099.

Court of Customs and Patent Appeals.
March 27, 1939.

Alpheus J. Crane, of Barberton, Ohio, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Claims 1 to 6, inclusive, and claim 9, of appellant's application for a patent relating to insulators were rejected by the Primary Examiner of the United States Patent Office for reasons presently stated, and the examiner's decision in rejecting said claims was affirmed by the Board of Appeals. Appellant has here appealed from the decision of the board.

Claim 1 is illustrative and reads as follows: "1. An insulator comprising connected parts, one of which is a dielectric member, said parts having cooperating tapered bearing surfaces arranged to slip relative to each other under the influence of the load on said insulator to compensate for deformation of said parts, the parts being free to move relative to each other under the load on the insulator until stopped by the pressure on said bearing surfaces, and a graphite lubricant interposed between said bearing surfaces."

The references relied upon by the Primary Examiner were:

Gouverneur, 1,684,441, September 18, 1928.

Hawley, 1,778,152, October 14, 1930.

Hawley, 1,819,748, August 18, 1931.

Bultemann, 1,440,003, December 26, 1922.

Passarin (French), 625,716, April 30, 1927.

The examiner's reliance upon the French patent reference in said rejection was disapproved by the board, and we, therefore, need to consider only the remaining references.

Appellant's invention relates to an insulator which is ordinarily used in electrical transmission, made of a fragile dielectric member, usually porcelain, having a metal cap secured about a knob on the insulator, also having a center or bolt-like member cemented within the hollow portion of the knob. Owing to the character of use of the insulator, it is often subjected to weighty or heavy loads which at times distort the metallic cap and bring about such an uneven pressure on the portions of the same as to cause it to break, which breakage often happens from changes of temperature which bring about expansion and contraction of the member. The same difficulty is encountered in securing the depending knob or bolt in the cavity of the insulator.

Appellant has found that by giving a certain taper to the projections on the insulator and by placing a layer of graphite between the cement layers of the insulator there can be a relative axial movement of the cap and insulator to take care of the changes in stress. Claims 7 and 8 of appellant's application, which are directed to the critical angle of the projections on the insulator were allowed by the Primary Examiner and are, therefore, not before us.

The claims on appeal were rejected by the examiner on the patent to Gouverneur or either of the Hawley patents in view of either Bultemann or the French patent. It was also held by the examiner that it would not involve invention, in view of the teachings of Bultemann and the French patent, to substitute graphite for the lubricants or elastic layers disclosed in the basic reference.

The Board of Appeals affirmed the decision of the examiner for the same reasons as those expressed by the examiner except that, as before stated, it found that appellant's effective date made the French patent inapplicable and agreed with appellant's contention in this regard. It seems to us that the reference patents show the features which the tribunals below stated that they disclosed and since the showing of such patents is aptly stated in the decision of the board, we quote the same in connection with its application of the references to the claims in issue:

" * * * Each of the patents to Hawley and Gouverneur shows that it is old to place between the cement and the projection of the insulator a layer of asphalt which is referred to in some of these references as

'sarco.' This, appellant alleges, has not been found generally satisfactory. While it is possible that in hot weather a minimum amount of slippage might occur, but in cold weather it is alleged that the lubrication effect of the asphalt is practically nil.

"The patent to Bultemann shows the structure of a compound insulator in which the various elements are secured together by pouring in cement between the walls and cavities of the projections on said insulator elements. In order to obtain a uniform electric load on the insulator it is stated that the abutting surfaces of cement and porcelain are given a coat of graphite. The patent does not allege that any slippage occurs due to changes in load or expansion and contraction of the metallic cap.

" * * * Apparently the appealed claims are broad enough to cover structures which are inoperative for the purposes described. It is probable that a coating of graphite might serve some useful purpose as regards the distribution of the electrical load. It is, therefore, not seen that these appealed claims define any patentable novelty over the disclosure in the Bultemann patent in view of the patents to Hawley and Gouverneur. * * *"

 We are in agreement with the decision of the board and are of the opinion that it correctly stated, in substance, that the appealed claims do not define anything of patentable novelty over Bultemann who taught the construction of an insulator with abutting surfaces of cement and porcelain which are treated with graphite, in view of the fact that Hawley, 1,778,152, shows the application of an elastic compound such as asphalt to the tapered surfaces between the insulator and the cap, and that Hawley's other patent shows the application of an elastic compound to the pin or knob. These references teach the use of a compound which is elastic and lubricates so as to permit relative movement between the several parts of the insulator. Applicant's specific claim of the use of graphite in this connection, we think, is fully met by reference to the fact that Bultemann teaches the use of graphite between the abutting surfaces of the cement and porcelain. It is true, as is pointed out by appellant, that Bultemann does not teach that any relative movement occurs due to the change in load although his teaching is for the purpose of obtaining uniform electric load on the insulator. The fact that Bultemann used his lubricant between the cap and the insulator for one

purpose and that appellant uses his for another does not, of itself, suggest patentability. This is especially true in view of the fact that Hawley teaches that asphalt may be used in a combination to bring about the result which appellant seeks.

Appellant contends that a mixture of graphite with other materials does not produce the same result as a coating of graphite used as his application teaches.

It is our view that since the prior art teaches the use of graphite in the manner stated, it would not amount to invention to do what appellant defines in the appealed claims.

The decision of the Board of Appeals is affirmed.

Affirmed.